UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

ROBERT DEPRIEST,

     Defendant.
_____/

**ORDER DENYING DEPRIEST'S MOTION TO DISMISS INDICTMENT, DENYING REQUEST FOR DISCLOSURE OF EXCERPTS OF GRAND JURY TRANSCRIPTS AND EXHIBITS, AND GRANTING REQUEST FOR LEAVE TO SUPPLEMENT**

**THIS CAUSE** is before the Court on Defendant Robert DePriest's Motion to Dismiss Indictment Based Upon Prejudicial Irregularities in Grand Jury Proceedings; Request for Disclosure of Pertinent Excerpts of Grand Jury Transcripts and Exhibits; and Request for Leave to Supplement [DE 937].  The Court has considered the motion, DePriest's First Supplement to the motion [DE 950], the Government's Response [DE 968], and is otherwise advised in the premises.

DePriest argues that the Government presented the grand jury with insufficient evidence to indict him and that certain "irregularities" took place at the grand jury proceeding, thereby reducing the grand jury's role to an unconstitutional "rubber stamp." DE 937 at 2-10.  Accordingly, DePriest requests that the Court dismiss the indictment.

Dismissing an indictment is an "extreme sanction which should be infrequently utilized." United States v. Pabian, 704 F.2d 1533, 1536 (11th Cir. 1983).  "The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered."  United States v. Calandra, 414 U.S. 338, 344-45 (1974).  "Thus, an indictment valid on its face is not subject to

challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." Id. at 345.  DePriest has presented no evidence indicating that the grand jury's ability to exercise independent judgment was compromised.  The fact that some evidence was presented in summary fashion by the case agent does not invalidate the indictment.  Accordingly, the Court will deny DePriest's request to dismiss the indictment.

DePriest also requests disclosure of certain grand jury transcripts and exhibits that relate to DePriest or his subject investment property and personal residence.  Under Federal Rule of Criminal Procedure 6:

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

Fed. R. Crim. P. 6(e)(3)(E)(ii).[1]  Defendants must show a "particularized need" for such disclosure.  Douglas Oil v. Petrol Stops, 441 U.S. 211, 222 (1979); see also United States v. Aisenberg, 358 F.3d 1327, 1348-49 (11th Cir. 2004).  DePriest has not made such a showing here.  He has not described any grand jury difficulties particular to this case that merit disclosure, nor has he indicated the specific relevancy of any transcripts

---

[1] DePriest's Motion states:

*Federal Rules of Criminal Procedure* 6(e)(3)(C)(ii) provides that "[d]isclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made … when permitted by a court at the request of the defendant, **upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury**" (emphasis added).

DE 937 at 21.  However, there is no such rule currently in force.  Rather, the applicable Rule of Criminal Procedure is Rule 6(e)(3)(E)(ii).

or exhibits to his particularized need for the materials. Therefore, the Court will deny DePriest's request for disclosure of grand jury transcripts and exhibits.

Finally, DePriest requests leave to supplement his initial motion "as additional factual and legal support becomes available." DE 937 at 24. The Court has considered DePriest's First Supplement in issuing the instant Order. To that extent, the Court grants the request for leave to supplement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Robert DePriest's Motion to Dismiss Indictment Based Upon Prejudicial Irregularities in Grand Jury Proceedings; Request for Disclosure of Pertinent Excerpts of Grand Jury Transcripts and Exhibits; and Request for Leave to Supplement [DE 937] is **GRANTED in part and DENIED in part** as follows:

1. The Motion to Dismiss Indictment is **DENIED**;

2. The Request for Disclosure of Pertinent Excerpts of Grant Jury Transcripts and Exhibits is **DENIED**;

3. The Request for Leave to Supplement is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of March, 2011.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

3